**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Joe Harrison BENNETT,
Defendant–Appellant.**

No. 89–6186.

United States Court of Appeals,
Sixth Circuit.

Argued Jan. 26, 1990.

Decided June 11, 1990.

Robert W. Watson, Asst. U.S. Atty. (argued), H.H. Hester, Asst. U.S. Atty., Nashville, Tenn., for plaintiff-appellee.

John S. Colley, III (argued), Colley & Colley, Columbia, Tenn., for defendant-appellant.

Before MARTIN and RYAN, Circuit Judges, and BROWN, Senior Circuit Judge.

BAILEY BROWN, Senior Circuit Judge.

Defendant Joe Harrison Bennett appeals the denial of his motion to suppress evidence that police officers seized when they executed a search warrant at his residence. The district court found, after conducting a hearing in accordance with the requirements of *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), that material statements in the affidavit on which the warrant was based were not falsehoods that were made intentionally or with reckless disregard for the truth. We hold, however, that this finding by the district court was clearly erroneous. Moreover, because we find, as a matter of law, that the information that remains, after the false information is excised from the affidavit, does not support a finding of probable cause, we reverse and remand to the district court with instructions to grant Bennett's motion to suppress the evidence.

## FACTS

Officers of the Williamson County, Tennessee Sheriff's Department searched Bennett's residence on April 9, 1988. According to the warrant that they had obtained, they expected to find marihuana and paraphernalia used for its "manufacturing, packaging and sale." The warrant was issued on the basis of the affidavit of Detective Richard L. Horn of that department. The affiant stated in pertinent part:

[W]ithin 72 hours immediately preceding the issuance of this warrant, affiant received information from a confidential informant who has in the past provided information that proved to be true and correct. Confidential informant stated that while he was at the Joe H. Bennett residence, he did observe several bags of green plant material known to him as marihuana. He also observed drug paraphernalia which is used in the sale of marihuana. Confidential informant also saw green plant material known to him as marihuana in the barn beside said house.

Other information received by Lt. Rhoades of the Williamson County Sheriff's Department on April 1, 1988, from a citizen informant, that said citizen informant reported to Lt. Rhoades that Joe Bennett was selling drugs from his residence and citizen informant further to say [sic] that several times a week there is heavy traffic at said location and informant further stated that Joe Bennett was bringing in a shipment sometime that night.

Joint Appendix 8.

The officers found neither marihuana nor drug paraphernalia at Bennett's residence and barn. However, they did find firearms. Because Bennett had a prior felony conviction, this evidence formed the basis for a federal indictment that was brought against Bennett, for possessing firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(1)(B).

Bennett moved to suppress the evidence, contending: (1) that the affidavit in support of the warrant did not, on its face, provide probable cause; and (2) that certain of the statements in the affidavit were false and that these false statements had been made either intentionally or with reckless disregard for the truth. Bennett's contention that the affidavit, taken as a whole, did not on its face provide probable cause at least raises a serious question, because the affidavit did not state when Detective Horn's informant allegedly saw the marihuana in the house and the barn. Moreover, the affidavit stated no reason to believe the

information from the "citizen" informant. Further, the information provided by this person was seven days old, and therefore, arguably was "stale" for this purpose. *See United States v. Boyd,* 422 F.2d 791 (6th Cir.1970). However, since we determine that the warrant is invalid because material statements in the affidavit are false, we need not decide this issue.

In addition to his motion, Bennett provided his affidavit, which stated that he was in Las Vegas on April 1, 1988, that he had no knowledge of any shipment of marihuana to his residence on that date, and that no marihuana or drug paraphernalia had ever been in his house or barn.

The district court conducted a hearing on Bennett's motion to suppress. Both Bennett and Detective Horn testified. Bennett testified consistently with his affidavit. Detective Horn testified that he first encountered the informant when he arrested him for possession of marihuana, which the informant told Horn he had obtained from Bennett. Subsequently, after the informant had made a controlled buy from someone other than Bennett, he allegedly purchased marihuana from Bennett a second time, at the suggestion of the sheriff's officers, and it was this latter occasion that formed the basis for the statements in Horn's affidavit concerning what the informant had seen in Bennett's house and barn.

With respect to the statements in his affidavit, Detective Horn testified that the informant had told him that there were guns and drug paraphernalia in the house. However, as to the informant's having seen marihuana in the house and barn, Horn testified as follows:

[Concerning the house]

Q. After he made this buy, from your request, from Joe Bennett, did he give you additional details that indicated he actually made a buy from Joe Bennett at his residence?

A. Describing the inside of the house and where the marijuana was kept and that type thing, yes, sir.

Q. Where did he tell you the marijuana was kept in the house?

A. He didn't know where it was kept at in the house. He said that Joe Harrison Bennett didn't keep it in the house but when someone came over to buy it he would go outside and bring it in.

Q. Your testimony is that he didn't know where the marijuana was kept?

A. That's correct.

Q. Other than the marijuana he bought from Joe Bennett, did he see any other marijuana in the house?

A. No, sir, I don't believe so.

[Concerning the barn]

Q. Did he tell you how he came to be led out to the barn and shown the marijuana?

. . . .

A. The informant, when I was talking to him, advised that Joe Harrison Bennett had gone outside to get the marijuana and he believed him to get it from a barn out there.

Q. So the statement in the search warrant—I will read to you. Confidential informant also saw green plant material known to him to be marijuana beside the house. That is not true, is it?

A. Yes, sir. The informant advised he saw marijuana, that Joe Harrison Bennett went outside to get marijuana and he came out of the barn with marijuana.

Q. He saw him come out of the barn. He didn't tell you he saw the marijuana in the barn?

A. No, sir. He said he saw him go out to a barn to bring marijuana into the house.

Joint Appendix 69, 57–58.

The district judge denied Bennett's motion to suppress. He found that although the statements might not have been totally true and the affiant might not have provided all the details, there were no false statements or statements in reckless disregard of the truth in Horn's affidavit. The district court also found that the affidavit, on its face, provided probable cause. Bennett then entered a guilty plea, pursuant to Fed.R.Crim.P. 11(a)(2), thereby reserving his right to appeal the denial of his motion to suppress.

## ANALYSIS

■ A defendant who challenges the veracity of statements made in an affidavit that formed the basis for a warrant has a heavy burden. His allegations must be more than conclusory. He must point to specific false statements that he claims were made intentionally or with reckless disregard for the truth. *Franks v. Delaware*, 438 U.S. 154, 171, 98 S.Ct. 2674, 2684, 57 L.Ed.2d 667 (1978); *United States v. Barone*, 584 F.2d 118, 121 (6th Cir.1978), *cert. denied*, 439 U.S. 1115, 99 S.Ct. 1019, 59 L.Ed.2d 73 (1979). He must accompany his allegations with an offer of proof. Moreover, he also should provide supporting affidavits or explain their absence. *Franks*, 438 U.S. at 171, 98 S.Ct. at 2684. If he meets these requirements, then the question becomes whether, absent the challenged statements, there remains sufficient content in the affidavit to support a finding of probable cause. *Id.*

■ If probable cause exists absent the challenged statements, a defendant is entitled to no more; however, if such cause does not exist absent the challenged statements, he is entitled to a hearing if he requests one. He must show at the hearing, by a preponderance of the evidence, that false statements were made either intentionally or with reckless disregard for the truth and that without these statements there is insufficient content in the affidavit to support a finding of probable cause. If he makes this showing, the evidence should be suppressed. *Id.* 438 U.S. at 155–56, 98 S.Ct. at 2676.

■ In the instant case, Bennett's motion to suppress specifically challenged the statements in the affidavit that the informant had told the affiant that he had seen several bags of marihuana and marihuana paraphernalia in Bennett's house, that the informant had told the affiant that he had seen marihuana in the barn, and that another officer had received information from an anonymous informant about Bennett allegedly bringing in a shipment of marihuana on the night of April 1, 1988. As stated earlier, Bennett requested a hearing and provided his affidavit.

Officer Horn admitted at the hearing that the informant had not told him that he had seen marihuana in the barn and that the informant had not told him that the informant had seen several bags of marihuana in the house. Moreover, the affidavit is silent concerning the informant's ever having bought any marihuana from Bennett.

Because Horn, by his own testimony, admitted that the statements in his affidavit were untrue, statements that clearly are material to the affidavit, we find that the district court's determination that there were no intentionally false statements nor any statements made in reckless disregard for the truth was clearly erroneous. *See United States v. Henson*, 848 F.2d 1374, 1381 (6th Cir.1988).

We next decide the legal question whether, absent the false statements, the affidavit could support a finding of probable cause to believe that marihuana would have been found at Bennett's residence. Probable cause is defined as reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion. *United States v. One 1984 Cadillac*, 888 F.2d 1133, 1135 (6th Cir.1989).

■ After excising the affidavit's false statements, all that remains in the affidavit is that an informant told Officer Horn that he saw "paraphernalia which is used in the sale of marihuana" in Bennett's house, and an anonymous informant claimed that Bennett was selling drugs from his residence and was bringing in a shipment the night of April 1, 1988. We hold that these statements are not sufficient to provide reasonable grounds to believe that sheriff's officers would find marihuana at Bennett's residence on April 8, 1988.

We note the need to clarify a procedural point in this case. When the district judge found that Bennett had not shown that Horn's statements were intentionally false or made with reckless disregard for the truth, he stated:

All right. The Court finds that you failed, Mr. Colley, to meet the threshold showing of [sic] a substantial preliminary showing that the false statement, if

there was a false statement, was knowing and intentionally made by Mr. Horn or was made with reckless disregard for the truth.

So you have had your Franks hearing but the Court finds that there were no false statements or reckless disregard in the statement made by Mr. Horn.

Joint Appendix 75. This somewhat ambiguous statement might lead one to believe that in the district court's view Bennett had not made the preliminary showing that is required before a defendant is entitled to a full hearing. However, taking the record as a whole, we are convinced that the district court intended to give, and gave, Bennett a full hearing as contemplated by *Franks*. Therefore, we see no reason to return this case to the district court to conduct any further hearing. We hold that Bennett proved by a preponderance of the evidence that Horn's material statements were false and were made either intentionally or with reckless disregard for the truth. We further hold that absent the material misstatements, the affidavit is insufficient to support a finding of probable cause.

For the foregoing reasons, we REVERSE the decision of the district court and REMAND the case to that court with instructions to grant Bennett's motion to suppress the evidence.