940 F.2d 662
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Preston Andre TRAYLOR, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-5350.
 United States Court of Appeals, Sixth Circuit.
 July 31, 1991.
 
 Before RALPH B. GUY, Jr. and RYAN, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 Preston Andre Traylor appeals from the district court's order dismissing his petition "to correct illegal sentence." In light of the grounds set forth challenging his conviction rather than the execution of his sentence, Traylor's request will be construed as a motion filed under 28 U.S.C. Sec. 2255. Traylor also moves for the appointment of counsel and to supplement the issues on appeal.
 
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In September of 1990, Traylor pled guilty to one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. Sec. 841(a)(1). He was sentenced to ninety months of imprisonment and four years of supervised release. He was also fined a $50 special assessment.
 
 
 4
 In his request for relief, Traylor alleged that he was denied effective assistance of counsel on the grounds that: 1) counsel failed to seek dismissal of the charges against him based on an alleged unlawful seizure of his person; 2) counsel failed to acquire information from a co-defendant and the co-defendant's mother in regard to facts surrounding drugs and a handgun seized at the time of arrest; 3) counsel failed to properly investigate the reliability of the informant upon whose information the search warrant was based; and 4) counsel allowed Traylor to sign a "confession under the plea agreement" to obtain a decrease in sentencing levels. Traylor also generally alleged that his guilty plea was not voluntarily and intelligently made due to the misrepresentations by counsel as set forth above.
 
 
 5
 After considering the merits of these allegations, the district court ordered the "petition" be dismissed by judgment filed February 27, 1991. On appeal, Traylor alleges the same grounds for relief and requests appointment of counsel.
 
 
 6
 Upon review, this court concludes that the district court properly denied Traylor's request. The record reveals that Traylor's counsel performed in a reasonably professional manner and Traylor has not shown that, but for his counsel's alleged deficient performance, Traylor would not have pleaded guilty and would have insisted upon going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985); Strickland v. Washington, 466 U.S. 668, 687 (1984); Thomas v. Foltz, 818 F.2d 476, 480 (6th Cir.), cert. denied, 484 U.S. 870 (1987).
 
 
 7
 First, the district court correctly found that Traylor had not met his burden of pointing to specific false statements in the search warrant that were made intentionally or with reckless disregard for the truth. Franks v. Delaware, 438 U.S. 154, 171 (1978); United States v. Bennett, 905 F.2d 931, 935 (6th Cir.1990). Therefore, Traylor's counsel acted reasonably in deciding not to appeal on the basis that the seizure of Traylor at the time of the arrest was unconstitutional or that the informant who provided information upon which the search warrant was based was unreliable.
 
 
 8
 Secondly, Traylor's counsel did not act unreasonably in not allowing a co-defendant and the co-defendant's mother to testify in regard to possession of the illegal drugs and handgun found at the time of arrest. The record shows that the government dropped the handgun charge by agreement and, therefore, testimony surrounding the handgun is irrelevant to this request for relief. Moreover, Traylor admitted in open court that he owned the illegal drugs for which he was charged. A solemn declaration of guilt by Traylor carries a presumption of truthfulness and subsequent conclusory allegations unsupported by specifics are subject to summary dismissal, as are contentions that in the face of the record are wholly incredible. Blackledge v. Allison, 431 U.S. 63, 74 (1977). The two issues Traylor raises in his motion to supplement the issues on appeal were not first presented to the district court and, thus, will not be addressed. White v. Anchor Motor Freight, Inc., 899 F.2d 555, 559 (6th Cir.1990).
 
 
 9
 Accordingly, Traylor's motion for counsel is denied, and the district court's order denying relief is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.