57 F.3d 1071
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Gregory KIRK, Defendant-Appellant, (No. 94-1695)
Bobby Caddell, Defendant-Appellant, (No. 94-1805)
Alexander Kirk, Defendant-Appellant. (No. 94-1809)
 Nos. 95-1695, 95-1805 and 95-1809.
 United States Court of Appeals, Sixth Circuit.
 June 9, 1995.
 
 1
 Before: NELSON and RYAN, Circuit Judges, and ECHOLS, District Judge.*
 
 
 2
 These are three consolidated direct criminal appeals in which the defendants challenge the validity of their convictions on Fourth Amendment grounds. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 In 1993, defendants Gregory Kirk, Bobby Caddell and Alexander Kirk were named in a multi-count indictment in connection with drug possession and distribution and related activities. The defendants moved to suppress evidence seized during a warrantless search of an automobile and a search of a dwelling pursuant to a warrant. The district court denied all three motions following a three day evidentiary hearing. The defendants subsequently pleaded guilty to various counts of the indictment while reserving the right to appellate review of the suppression proceedings. The district court accepted the pleas, found the defendants guilty, and proceeded to sentence them in accordance with their plea agreements. The defendants filed timely notices of appeal from the convictions, and their counsel briefed the issues. The government also submitted an appellate brief.
 
 
 4
 In January 1992, a confidential informant told law enforcement agents that illegal drug trafficking was taking place at the residence at 491 Arthur Street, Pontiac, Michigan. The informant indicated that he had personally seen two kilograms of cocaine in the residence approximately two months earlier. Subsequent information led agents of the Drug Enforcement Agency (DEA) to conduct an initial surveillance of a car registered to defendant Bobby Caddell as it left the Arthur Street residence on May 20, 1992. The agents were seen by the occupants and the surveillance was called off.
 
 
 5
 On June 10, 1992, another surveillance of Caddell's automobile took place. The agents followed the car, noting that the driver took evasive maneuvers, until it stopped at a Detroit residence, 20240 Pierson Avenue. Caddell and Alexander Kirk entered the Pierson Avenue house and emerged carrying a white plastic bag and acting apprehensive. They placed the bag in the trunk and drove away, glancing around as they travelled. At this point, the DEA agents decided to conduct an investigative stop of the car.
 
 
 6
 The agents contacted the Southfield Police Department and requested that a marked patrol car effect a stop of the Caddell automobile. A Southfield officer made the stop at approximately 3:30 p.m.. The officer noticed, just before the stop, that Caddell's car had a cracked windshield and the trunk lock was punched out. Both of these conditions are Southfield code violations.
 
 
 7
 A computer check showed (erroneously) that Caddell had no valid driver's license, and he was arrested on that ground. Southfield officers then conducted an inventory search and found the white plastic bag, the contents of which tested positive for cocaine. Caddell and Alexander Kirk were immediately arrested.
 
 
 8
 The DEA agents decided to seek a search warrant for the Pierson Avenue structure based on the discovery of the cocaine in the Caddell automobile. The application for a warrant was accompanied by an affidavit setting forth the events described above. A state court judge issued the warrant, and it was served at approximately 8:30 p.m. that day. The officers found Gregory Kirk in the house and some "drug residue" in an amount too minute to be weighed. All three defendants were subsequently charged in federal court, and the suppression motions followed.
 
 Case No. 94-1805
 
 9
 The first question in this appeal is whether, as found by the district court, the officers had the constitutional authority to order the warrantless stop of the automobile driven by Caddell. An affirmative answer would necessarily dispose of the appeals of the driver (Caddell, Case No. 94-1805) and the passenger (Alexander Kirk, Case No. 94-1809).
 
 
 10
 In California v. Carney, 471 U.S. 386, 392-93 (1985), the Supreme Court held that probable cause alone can justify a warrantless search of a vehicle parked in a public place. Probable cause alone will also support the warrantless seizure of a vehicle. Autoworld Specialty Cars, Inc. v. United States, 815 F.2d 385, 389 (6th Cir.1987).
 
 
 11
 Probable cause is defined as "reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion." United States v. Bennett, 905 F.2d 931, 934 (6th Cir.1990). The establishment of probable cause "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." Illinois v. Gates, 462 U.S. 213, 245 n. 13 (1983). A practical, nontechnical probability that incriminating evidence is involved is all that is required. Texas v. Brown, 460 U.S. 730, 742 (1983).
 
 
 12
 The DEA agents had a reasonable belief that the car driven by Caddell probably contained incriminating evidence of a crime. The testimony reflects the agents' observation of erratic, counter-surveillance driving, and the nervous appearance of two suspected drug dealers who left a suspected drug site to pick up a small package which they then placed in the trunk. This is certainly an articulation of a "practical, non-technical" probability that criminal activity is occurring. The stop and subsequent search of the contents of the automobile was therefore justified in this case.
 
 Case No. 94-1809
 
 13
 This is the appeal of the passenger of the automobile, Alexander Kirk. This appeal fails for the reason already given. In addition, Alexander Kirk lacks standing to challenge the stop and search of the automobile. He does not claim to have any actual or constructive possessory interest in the car, see United States v. Dunson, 940 F.2d 989, 994-95 (6th Cir.1991), cert. denied, 112 S.Ct. 1488 (1992), and he does not claim an interest in the contents seized. His appeal is meritless.
 
 Case No. 94-1695
 
 14
 The remaining defendant, Gregory Kirk (Case No. 94-1695), challenges the search of the Pierson Street address on the grounds that the automobile search was illegal and that the warrant was procured on material misrepresentations by the affiant. Gregory Kirk has no standing to object to the automobile search and, as discussed supra, the search was valid in any event. His other objections to the warrant are likewise of no moment.
 
 
 15
 Kirk claims that the affidavit contains material misstatements and, therefore, the warrant based on these misstatements is defective. The district court rejected these arguments, noting that none of the challenged statements was material. We agree.
 
 
 16
 Accordingly, the convictions are affirmed.
 
 
 
 *
 The Honorable Robert L. Echols, United States District Judge for the Middle District of Tennessee, sitting by designation