66 F.3d 326
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Clarence Toriano KING, Defendant-Appellant.
 No. 95-1409.
 United States Court of Appeals, Sixth Circuit.
 Sept. 19, 1995.
 
 Before: ENGEL, GUY and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Clarence Toriano King was indicted on various charges of federal drug and weapons violations. Defendant entered a conditional plea of guilty to a single count of being a felon in possession of firearms in violation of 18 U.S.C. Sec. 922(g). Defendant appeals the district court's denial of his prior motion to suppress evidence.
 
 
 2
 Defendant's appeal raises the following issues: (1) whether the search warrant used to search defendant's home was based on probable cause; and (2) whether the reliance by law enforcement officers on the search warrant falls within the "good faith" exception to the exclusionary rule set forth in United States v. Leon, 468 U.S. 897 (1984). We find that the informant's tip as corroborated by police investigation was sufficient to establish probable cause. Because we find the search warrant to have been properly issued, we do not reach the second issue raised by defendant. Defendant's conviction is AFFIRMED.
 
 FACTS
 
 3
 In late July 1994, Officer McLeay of the Redford Township Police Department (the "Redford Police") received a tip that "a B/M known as a [sic] Pooh is involved in the sale of cocaine from his home at 11335 Minock." (J.A. at 29.) The tip contained no further information concerning "Pooh's" illegal activity. The informant previously made several controlled purchases of narcotics for the Redford Police.
 
 
 4
 To corroborate the tip, the Redford Police instructed the informant to make a purchase of cocaine while under surveillance and with the use of prerecorded funds. The affidavit reveals that the informant telephoned Pooh, i.e., defendant, to arrange a meeting. Within ten minutes, the Redford Police observed defendant exit 11335 Minock, walk to the meeting spot, sell the informant cocaine, and return directly to the house.
 
 
 5
 Officer McLeay applied for and received a warrant to search defendant and the house at 11335 Minock. A search of the house on July 28, 1994, revealed significant quantities of drugs, drug paraphernalia, and weapons.
 
 ANALYSIS
 
 6
 Defendant argues that the informant's tip lacked sufficient detail to establish probable cause and that the Redford Police failed to conduct an adequate investigation to corroborate the information contained therein. Defendant further contends that the facts of this case do not fall within the "good faith" exception to the search warrant requirement.
 
 A. Standard of Review
 
 7
 A state magistrate's determination of probable cause is accorded great deference. United States v. Songere, 30 F.3d 51, 53 (6th Cir.), cert. denied, 115 S.Ct. 531 (1994). A warrant will be upheld on appeal if "the magistrate had a substantial basis for ... conclud[ing] that probable cause existed." Illinois v. Gates, 462 U.S. 213, 238-239 (1983) (internal quotation and citation omitted); Songere, 30 F.3d at 53.
 
 B. Existence of Probable Cause
 
 8
 A magistrate must make a practical inquiry into the existence of probable cause based on the totality of the circumstances. United States v. Pelham, 801 F.2d 875, 877 (6th Cir.1986), cert. denied, 479 U.S. 1092 (1987). Probable cause exists where "there is a fair probability that contraband or evidence of a crime will be found in a particular place." Gates, 462 U.S. at 238.
 
 
 9
 Two factors are often important in determining whether an affidavit based on an informant's tip establishes probable cause. First, the identity of the informant and/or the content of the tip may be considered. Id. at 233-234. Second, a magistrate may consider the extent to which the police have corroborated the information contained in the tip. Id. at 244-245. A tip otherwise insufficient to support the issuance of a search warrant may become sufficient if supported by appropriate police investigation. United States v. Smith, 783 F.2d 648, 650-651 (6th Cir.1986).
 
 
 10
 We agree with defendant that the tip, standing alone, was insufficient to support a finding of probable cause. The tip contained only a bald allegation of criminal activity. It sets forth no details of the activity, nor reveals how the informant came to know of the information. See, e.g., United States v. Bennett, 905 F.2d 931, 934 (6th Cir.1990).
 
 
 11
 The corroboration of the tip by the Redford Police, however, did provide a sufficient basis for a finding of probable cause. The police observed defendant exit 11335 Minock, sell the informer cocaine, and return to the house. These observations support the conclusion that defendant was the man referred to in the tip, that he lived at 11335 Minock, and that he was using his house as a base to sell drugs. Defendant argues that this corroboration was inadequate because the Redford Police failed to determine whether defendant in fact lived at 11335 Minock. A probable cause determination, however, is concerned with probabilities, not with certainties. United States v. Cortez, 449 U.S. 411, 418 (1981).
 
 
 12
 Defendant's reliance on United States v. Leake, 998 F.2d 1359 (6th Cir.1993) is unavailing. In Leake, we held that a search warrant was not supported by probable cause where the police, attempting to corroborate an allegation of drug dealing at a particular house, failed to observe any illegal activity or even any suspicious activity. Id. at 1365. Here, the police observed defendant exit 1135 Minock, walk directly to the prearranged meeting place, make a sale of drugs, and return to the house. In light of the Redford Police's own investigation and the reliability of the informant as established by the Redford Police's prior dealings with him, we find that a substantial basis existed to support a finding of probable cause.
 
 
 13
 Because the warrant to search defendant's house was supported by probable cause, we AFFIRM his conviction.