JOURNAL ENTRY and OPINION
The appellant herein, Keith Putnam, appeals from the trial court's denial of his motion to suppress evidence, to wit: three small bags of cocaine found in his front pocket of his pants which were seized by police after he was arrested subsequent to being observed by two undercover narcotics detectives purchasing cocaine.
After receiving numerous tips of drug activity occurring on the premises of the Cinema Lounge at 5200 Memphis Avenue in Cleveland, the Cleveland Police Department set up surveillance of the premises. Initially, a narcotics detective conducted surveillance of the outside premises of the facility and observed numerous instances of behavior consistent with drug activity. For example, the detective noticed individuals in the back of the parking lot engaging in activity consistent with the use of cocaine. Also, several vehicles were observed pulling into the bar parking lot, the occupants exiting the car and entering the bar and then returning to their vehicle and pulling out of the parking lot within minutes of pulling in. Based on his surveillance of the activities occurring outside of the bar, the narcotics detective decided to progress with the investigation to the inside of the facility. Prior to proceeding into the bar, the detective contacted a second detective and requested assistance.
Once inside the bar, the two detectives almost immediately noticed the barmaid, Kathleen Bell, engaging in behavior consistent with selling cocaine. Customers would come up to the bar, speak to Bell, then together with Bell proceed to the back of the bar in the vicinity of the rest rooms and engage in a hand-to-hand transaction with Bell. This pattern of behavior repeated itself on two occasions, once with a male customer and once with a female customer. On both occasions the customers immediately exited the bar without purchasing a drink after consummating the transaction with Bell.
Satisfied that they had sufficient evidence of cocaine trafficking, the officers decided to make an arrest of the next person observed buying cocaine from Bell. Within a few minutes the appellant walked in the front door of the bar. The appellant walked up the bar, spoke to Bell and then walked towards the back of the bar with Bell. At the back of the bar there was an exchange between Bell and the appellant.
At this juncture the officers exited the bar and took up positions in the parking lot. Another police vehicle was already stationed in the parking lot by this time, having been notified of the going-ons inside the bar by the two detectives. A brief time later, the appellant and Bell, along with a second male, all exited the bar and proceeded to the appellant's vehicle. They each got into the vehicle and then pulled into traffic on Memphis Avenue. Shortly thereafter, the vehicle was stopped and the occupants all arrested.
The point where the vehicle was stopped was within a few blocks of the Cinema Lounge. The occupants of the car were each arrested at the point where the car was stopped and then transported back to the Cinema Lounge in order to continue the investigation, prior to being taken to the Second District Police Station. According to the testimony provided at the suppression hearing by the arresting officer, he conducted a brief pat down search of the appellant before putting him in the zone car to be driven back to the Cinema Lounge. In the parking lot of the Cinema Lounge, the police conducted a more thorough search for contraband. It was during this search incident to the arrest of the appellant's person that the police discovered the three bags of cocaine in the appellant's front pocket.
On May 8, 2000, the appellant was indicted on one count of possession of drugs, pursuant to R.C. 2925.11, and one count of possession of criminal tools, pursuant to R.C. 2923.24. The appellant filed a motion for suppression of evidence on August 15, 2000. An evidentiary hearing was had on the motion on August 29, 2000. The state presented testimony from two Cleveland police officers involved in the surveillance operation and the eventual arrest of the appellant and his two companions. The appellant testified on his own behalf. The appellant did not deny that he purchased cocaine from Bell on the day in question and that this same quantity of cocaine was found in the front "coin pocket" of his pants. At the close of the hearing the motion was denied.
Thereafter, the appellant entered pleas of no contest to both counts of the indictment. At sentencing on September 26, 2000, the trial court sentenced appellant to two years of community control sanctions and one hundred hours of community service. The appellant thereafter filed the instant appeal on October 11, 2000 challenging the trial court's denial of his motion to suppress.
The appellant's sole assignment of error states:
 I. THE TRIAL COURT ERRED WHEN IT REFUSED TO SUPPRESS EVIDENCE WHEN THE STATE FAILED TO SHOW PROBABLE CAUSE TO ARREST APPELLANT PUTNAM IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION.
We find this assignment of error to be without merit because based on the activities of the appellant witnessed by the investigating detectives, there was clearly probable cause to arrest the appellant, and once the appellant was arrested the police were entitled to conduct a thorough search of his person for contraband.
A trial court assumes the role of the trier of fact and, therefore, is in the best position to resolve factual questions and evaluate the credibility of a witness when considering a motion to suppress. State v.Mills (1992), 62 Ohio St.3d 357, 366, 582 N.E.2d 972. When reviewing a trial court's ruling on a motion to suppress, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Guysinger (1993),86 Ohio App.3d 592, 594, 621 N.E.2d 726. An appellate court must independently determine as a matter of law, without deferring to the trial court's conclusions, whether the facts meet the applicable legal standard. State v. Klein (1991), 73 Ohio App.3d 486, 488, 597 N.E.2d 1141.
Having lawfully arrested defendant, a subsequent search of his person incident to that arrest was reasonable for Fourth Amendment purposes.Chimel v. California (1969), 395 U.S. 752, 23 L.Ed.2d 685,89 S.Ct. 2034; United States v. Robinson (1973), 414 U.S. 218, 38 L.Ed.2d 427,94 S.Ct. 467. Evidence of the crime found in appellant's front pocket of his pants, three bags of cocaine, was admissible. Id.
Once a person is under arrest, "officers may perform a full search of an arrestee's person regardless of the offense prompting the arrest."State v. Jones (2000), 88 Ohio St.3d 430, 439, 727 N.E.2d 886, citingUnited States v. Robinson, supra, 414 U.S. 218. Since appellant was under arrest, the police had a right to conduct a full search of his person.
It has long been recognized that a search without a warrant may be lawfully conducted if incident to a lawful arrest without violating theFourth Amendment's protection against unreasonable search and seizure.United States v. Watson (1976), 423 U.S. 411; Ker et ux. v. California
(1962), 374 U.S. 23, 41-42, 83 S.Ct. 1623, 10 L.Ed.2d 726. See, also,Marron v. United States (1927), 275 U.S. 192. Where officers witness behavior consistent with a drug transaction and there is a likelihood that the contraband will be distributed or hidden before a warrant can be obtained, they need not obtain a warrant to conduct a search. Id.
In Beck v. Ohio (1964), 379 U.S. 89, 91, 13 L.Ed.2d 142, 85 S.Ct. 223, the Supreme Court stated:
 Whether [the] arrest was constitutionally valid depends in turn upon whether, at the moment the arrest was made, the officers had probable cause to make it — whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense.
There must be "reasonable grounds for belief, supported by less thanprima facie proof but more than mere suspicion" to support an officer's belief that an offense has been committed. United States v. Bennett
(C.A. 6, 1990), 905 F.2d 931, 934. These reasonable grounds may be based upon activity witnessed during the course of police surveillance. UnitedStates v. Kincaide (C.A. 6, 1998), 145 F.3d 771.
"Probable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." United Statesv. Wright (C.A. 6, 1994), 16 F.3d 1429, 1438 (quoting Illinois v. Gates,462 U.S. 213, 244 n. 13, 76 L.Ed.2d 527, 103 S.Ct. 2317 (1983)), certiorari denied, 512 U.S. 1243 (1994).
In this case, the uncontradicted testimony at the suppression hearing clearly established that the appellant was observed by two narcotics detectives engaging in a transaction with Kathleen Bell at the Cinema Lounge which was consistent with a drug purchase. Numerous other indicia of drug trafficking and drug usage had also been observed at the facility. Earlier, the officers had observed two other encounters consistent with drug sales involving Bell. The totality of the circumstances created probable cause to arrest the appellant for possession of cocaine.
Based on their witnessing of a felony, the police officers were justified in arresting the appellant, as well as Bell, without further investigation. Thus, when the vehicle containing the appellant was pulled over by the arresting officers, it was not an "investigatory stop" where the authority of the police to search the detainees was limited. Whether the contraband was discovered during the initial pat down search, or during the more extensive search in the parking lot of the bar, is irrelevant to our analysis.
The officers testified that the appellant was arrested immediately after the car was pulled over. At this point, the officers were entitled to perform a full search of the appellant's person. State v. Jones,supra. The evidence discovered during this second search was admissible. The fact that the arresting officers performed a brief pat down search prior to the full search during which the cocaine was discovered, is inconsequential.
Accordingly, this assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, J., and JOHN T. PATTON*, J., CONCUR.
* SITTING BY ASSIGNMENT: Judge John T. Patton, Retired, of the Eighth District Court of Appeals.