COLE, Circuit Judge,
concurring.
A search warrant’s issuing magistrate is tasked with making a “practical, commonsense decision” that there is a “fair probability’ that evidence of the crime will be found in the place to be searched. Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). A “fair probability” is more than “mere suspicion,” United States v. Algie, 721 F.2d 1039, 1043 (6th Cir.1983), but less than “prima facie proof,” United States v. Bennett, 905 F.2d 931 (6th Cir.1990). I do not dispute that there was sufficient probable cause to search for evidence relating to Wester-lund’s provision of drugs and alcohol to minors. What I cannot accept is that there was sufficient probable cause to search for cameras or other photographic evidence, given the paucity of pertinent and timely evidence in Officer Olney’s affidavit. But, given our ever-widening Leon good-faith exception jurisprudence (an exception that will surely soon, if it has not already, swallow the rule), I respectfully concur only in the result.
Officer Olney provided two pieces of evidence suggesting that Westerlund may have been in possession of photographic material evincing criminal activity. First, W.J., a sixteen-year-old teenager, stated that he had been to parties at Wester-lund’s home, and that “a camera had been used at some of their parties and pictures *370 had been taken but he thinks most of them were deleted.” And second, a former supervisor of Westerlund’s told Officer Olney that she had seen Westerlund inadvertently open a file of child pornography. As the majority opinion notes, the district court excluded the latter piece of evidence because it was stale. This leaves, then, only W.J.’s statement to substantiate the warrant’s allowance of the search and seizure of “[a]ny and all evidence related to the possession, manufacture, or distribution of child pornography.” A statement, of course, that did not refer to Westerlund in any way. W.J. made no statement that Westerlund ever had the camera in his possession or took the photos.
The majority adopts W.J.’s singular statement that some photos were taken at a party as the basis for searching for photographic evidence at Westerlund’s home. Such a position is disturbing, to say the least. At a party with a number of teenagers present, it would not be surprising for every attendee to have immediate access to a camera, namely, their cellular phone. Taken to its logical extreme, the majority’s analysis would allow for this search warrant to be applied to the cellular phones of any of the teenagers at the party — there would be a similarly “fair” probability that their devices would contain photos depicting criminal activity. To presume that there is a “fair probability” that photos of criminal activity would be found at Westerlund’s home based on this statement alone requires an understanding of the word “fair” that I do not have.
The district court latched onto the latter clause of W.J.’s statement, which referred to the photos being deleted, to note that photos may be resurrected from the trash folder on a computer, so their deletion should pose no bar to obtaining a search warrant. But such an argument puts the cart before the horse; it is not the photos’ ability to be seized that is at issue, but whether the photos may be sought at all. Similarly, the majority opinion erroneously applies the “plain view” exception to justify the police officers’ seizure of the photographs, while what is actually at issue is whether the police were able to look for any photos. As Westerlund makes clear, the photos that were immediately incriminating were not laying around in plain view; the government underscores this by noting that “[i]n the course of reviewing the pictures, other photographs were found that clearly and immediately appeared to be evidence of other crimes.... ” Given that the officers had no authority to rifle through the photos in the first place, it cannot be reasonably stated that the incriminating photos were in plain view. To say otherwise would obviate any need for a search warrant to specifically list the items sought.
The issuing magistrate must, of course, take into account the “totality of the circumstances” when making his decision. Gates, 462 U.S. at 230, 103 S.Ct. 2317. But WJ.’s statement is the only “circumstance” that would provide the basis for the search for photographic evidence, and the statement is so devoid of context that it cannot be relied upon with confidence. But, given that the evidence was “obtained in objectively reasonable reliance” on a deficient warrant, and the affidavit supporting the warrant was not “so lacking in indicia of probable cause,” the Leon good-faith exception ought to apply to save the fruits of the search from being suppressed. United States v. Leon, 468 U.S. 897, 922-23, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). I concur.