*95 KAREN NELSON MOORE,
Circuit Judge, concurring, and concurring in the judgment of conviction.
I agree with the majority that, even if we were to review the district court’s rejection of McCreary’s Franks claim for plain error, that claim would fail. I write separately because I believe that the greater obstacle to McCreary’s claim is the second, rather than the first, prong of the Franks analysis.
The discrepancies between Officer Lawrence’s statements in the affidavit and his testimony regarding what he saw occurring at the house on Rogers Street are somewhat concerning. See United States v. Bennett, 905 F.2d 931, 934 (6th Cir.1990). I nonetheless concur in the judgment because, assuming that the statements were knowingly or recklessly false, I believe that McCreary’s Franks claim fails under the second prong of the analysis. Even if the challenged statement in the affidavit was more than a minor or technical discrepancy from Lawrence’s testimony, it was most likely an inconsequential discrepancy. I believe that, even stripped of the statement that three individuals placed money in the vent and retrieved a small item, the affidavit supports a finding of probable cause to issue a warrant. Lawrence observed odd conduct that, based on his experience, resembled a drug transaction, one purported customer informed the officers that heroin and marijuana were available at the house, and a narcotics complaint had been lodged involving the house. See United States v. Lattner, 385 F.3d 947, 952-53 (6th Cir.2004); United States v. Rudolph, No. 93-2392, 39 F.3d 1183, 1994 WL 592932, at *5 (6th Cir. Oct. 27, 1994) (unpublished opinion); see also United States v. Funches, 327 F.3d 582, 586-87 (7th Cir.2003). Because I believe that the warrant was sufficient, the good-faith exception is not necessary to support the validity of the search.