**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0844n.06

**No. 12-2048**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | EASTERN DISTRICT OF MICHIGAN |
| MANUEL RODGERS, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

**FILED**
Sep 23, 2013
DEBORAH S. HUNT, Clerk

Before: COOK, GRIFFIN, and KETHLEDGE, Circuit Judges.

COOK, Circuit Judge. Following convictions for possession with intent to distribute cocaine and marijuana, defendant Manuel Rodgers appeals, challenging the denial of his motion to suppress evidence obtained by a search warrant and the sufficiency of the evidence for his convictions. We AFFIRM.

I.

The Drug Enforcement Administration (DEA) began investigating Rodgers in November 2010, after a confidential informant notified DEA agents that Rodgers was a major drug trafficker in the Detroit area. Agents began conducting surveillance on Rodgers and placed a GPS tracking

device on his vehicle.[1] The tracking device revealed that Rodgers frequented the area around a house located at 1419 25th Street, and agents observed his vehicle parked there.

A month later, Rodgers told the informant that he had recently received a bulk shipment of cocaine, which he was storing at the 25th Street house. The next day, an agent observed Rodgers park in front of the 25th Street residence, unlock the gate to the surrounding fence, and enter the house. After Rodgers left, agents executed a search warrant at the 25th Street house. There, agents found twenty-four kilograms of cocaine, trash bags containing individually wrapped bundles of marijuana, a Glock pistol, and two loaded magazines.

Agents detained Rodgers and took him back to the 25th Street residence. At the time of his arrest Rodgers carried a key that fit the padlock on the gate at the 25th Street residence and another key that fit the front door. An agent read Rodgers his Miranda rights, and Rodgers acknowledged that he understood his rights and did not ask for an attorney at that time. (R. 50, Trial Tr. Wagenmaker at 147-48.) An agent then asked Rodgers if there were any drugs, guns, large amounts of money, or high-value jewelry items inside the residence. Rodgers responded that he had 170 pounds of marijuana in the basement and described the room in which it was located. (Trial Tr. Grace at 102.) He also provided the agents the code to shut off an alarm at the residence.

---

[1]Rodgers does not challenge on appeal the district court's denial of his motion to suppress evidence obtained from the agents' use of the tracking device, and so we deem this issue abandoned. *See Clinkscale v. Carter*, 375 F.3d 430, 448 (6th Cir. 2004).

Agents also executed a search warrant at Rodgers's place of business, where they found seven kilograms of cocaine in a bathroom in his private office. Only Rodgers had the key to the office.

The government indicted Rodgers for two counts of possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii)(II) and one count of possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Rodgers filed a motion to suppress evidence seized during the execution of the search warrant at the 25th Street residence. The district court denied this motion. A jury convicted Rodgers of one count of cocaine possession as well as the marijuana possession count. The court sentenced Rodgers to 144 months' imprisonment. Rodgers appeals, challenging the denial of his motion to suppress and the sufficiency of the evidence underlying his convictions.

II.

*A. Suppression of Evidence*

Rodgers challenges the validity of the search warrant used to search the 25th Street residence for lack of probable cause. "Probable cause exists when there is a fair probability, given the totality of the circumstances, that contraband . . . will be found in a particular place." *United States v. Johnson*, 351 F.3d 254, 258 (6th Cir. 2003) (internal quotation marks omitted). Put differently, "[p]robable cause is defined as reasonable grounds for belief, supported by less than prima facie

proof but more than mere suspicion." *United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990).

When reviewing the denial of a motion to suppress, we review "the district court's findings of fact

for clear error and its conclusions of law *de novo*." *United States v. Miggins*, 302 F.3d 384, 397 (6th

Cir. 2002). The district court, after finding that indicia of reliability supported the confidential

informant's tips, sustained the magistrate judge's probable cause finding.

Rodgers first contends that the district court employed an improper "more likely than not"

standard for determining whether probable cause existed. We disagree. The district court properly

set forth the applicable standard as stated above. Although the district court did conclude that the

magistrate judge "had a substantial basis to conclude it was more likely than not that illegal activity

was occurring at the 25th Street property," it does not follow that the district court employed an

incorrect standard. Moreover, even if the district court did utilize a "more likely than not" standard,

Rodgers fails to explain how use of a *heightened* standard could have prejudiced him. *See Texas v.

Brown*, 460 U.S. 730, 742 (1983) (explaining that probable cause "does not demand any showing

that . . . a belief be correct or more likely true than false.").

Furthermore, we agree with the district court that the facts set forth in Agent Michael

Broullard's affidavit establish probable cause. A confidential informant told Broullard that Rodgers

trafficked in narcotics and that Rodgers recently received a large shipment of cocaine that he kept

at the 25th Street residence. This informant had provided information that resulted in the

confiscation of narcotics on five prior occasions. *Cf. United States v. Helton*, 314 F.3d 812, 824

(6th Cir. 2003) (holding that "no reasonable officer would afford much weight to [an] anonymous tipster's statements" when the "statements originated from an unknown, untested source"). That the informant did not provide exhaustive detail is of no moment, as "a detailed statement thoroughly setting forth the informant's basis of knowledge is not necessarily required if there are other indicia of reliability." *United States v. Smith*, 182 F.3d 473, 483 (6th Cir. 1999). Indeed, "information supplied by an informant of proven reliability may be sufficient, standing alone, to demonstrate probable cause." *Id.* Further, officers corroborated this information by placing a tracking device on Rodgers's car and conducting surveillance. Data from the tracking device revealed that Rodgers regularly visited the 25th Street residence, a location that was not Rodgers's home, and Broullard observed Rodgers's vehicle parked at that location. These facts, viewed in totality, provide a fair probability for believing that the agents would find contraband at the 25th Street residence. We therefore affirm the district court's denial of the motion to suppress.

B.      *Sufficiency of the Evidence*

We review sufficiency-of-the-evidence claims to determine whether "any rational trier of fact could find the elements of the crime beyond a reasonable doubt" and, in doing so, "view[] the evidence in the light most favorable to the prosecution." *United States v. M/G Transp. Servs., Inc.*, 173 F.3d 584, 589 (6th Cir. 1999) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Defendants asserting such claims "bear[] a very heavy burden," *United States v. Vannerson*, 786 F.2d 221, 225 (6th Cir. 1986) (citation and internal quotation marks omitted), and an appellate court will

set aside the judgment only if, after viewing the record as a whole, it determines that "the judgment is not supported by substantial and competent evidence," *United States v. Blakeney*, 942 F.2d 1001, 1010 (6th Cir. 1991).

Rodgers argues that there was insufficient evidence to sustain his drug trafficking convictions. To prove these charges, the government needed to show that Rodgers "(1) knowingly; (2) possessed a controlled substance; (3) with intent to distribute." *United States v. Peters*, 15 F.3d 540, 544 (6th Cir. 1994). To sustain a conviction for possession with intent to distribute, "the evidence must only show that a measurable amount of contraband is possessed," as intent may be inferred from "the amount of drugs involved, and the large street value." *United States v. Clark*, 928 F.2d 733, 736-37 (6th Cir. 1991), *cert. denied*, 502 U.S. 846 (1991). Circumstantial evidence of actual or constructive possession suffices. *United States v. Bailey*, 553 F.3d 940, 944 (6th Cir. 2009); *United States v. Moreno*, 933 F.2d 362, 373 (6th Cir. 1991). "Constructive possession exists when a [defendant] . . . knowingly has the power and the intention at a given time to exercise dominion and control over an object, either directly or through others." *United States v. Kincaide*, 145 F.3d 771, 782 (6th Cir. 1998) (citation and internal quotation marks omitted). Presence alone will not do, but "[p]roof that the person has dominion over the premises where the [contraband] is located is sufficient to establish constructive possession." *Id.* (citations and internal quotation marks omitted); *accord Bailey*, 553 F.3d at 944-45 (citation omitted). When the defendant shares possession of the premises, additional incriminating evidence must show the defendant knew of and

controlled the contraband. *Bailey*, 553 F.3d at 944 n.3. Under those circumstances, a nexus must exist between the contraband and the defendant. *See id.* at 945  46.

We conclude that sufficient evidence supported Rodgers's convictions. Significantly, when asked if *he* had any drugs, guns, money, or jewelry inside the 25th Street residence, Rodgers responded that he had 170 pounds of marijuana in the basement and described the room in which it was located. This evidence alone establishes constructive possession of the marijuana.

Rodgers now argues that we should disregard these statements because the government has not proven that he knowingly, voluntarily, and intelligently waived his Fifth Amendment rights. But Rodgers did not move to suppress these statements at the district court. "This court has repeatedly held that it will not consider arguments raised for the first time on appeal unless our failure to consider the issue will result in a plain miscarriage of justice." *United States v. Ninety Three Firearms*, 330 F.3d 414, 424 (6th Cir. 2003) (internal quotation marks omitted). We therefore review for plain error. Fed. R. Crim. P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention.") Under this standard, we "may only correct an error not raised at trial if there is (1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Cromer*, 389 F.3d 662, 672 (6th Cir. 2004) (internal quotation marks and brackets omitted). Here, Rodgers provides no reason for us to find that the district court erred by admitting these statements. To the contrary, nothing in the record indicates that Rodgers's statements were anything but knowing, voluntary, and intelligent.

Rodgers also argues that his statements alone cannot sustain his convictions. *See, e.g., United States v. Brown*, 617 F.3d 857, 860 (6th Cir. 2010). Yet ample evidence corroborated his confession. Most saliently, agents found marijuana in the basement of the 25th Street residence exactly as Rodgers described. Additionally, trial testimony established that, even though he did not reside there, Rodgers had keys to the front gate and door of the 25th Street house and he knew the security alarm code for the house. This testimony evidences Rodgers's dominion over the property and suffices to sustain the jury's verdict as to Rodgers's conviction for marijuana possession.

Likewise as to Rodgers's conviction for cocaine possession. The evidence adduced at trial demonstrated that agents found seven kilograms of cocaine in Rodgers's private bathroom in his office. Rodgers possessed the only key to his office, and other employees were not allowed into the office unless Rodgers accompanied or expressly invited them.

In sum, Rodgers fails to carry his "very heavy burden." *Vannerson*, 786 F.2d at 225. Substantial and competent evidence supported the jury's verdict on both counts.

III.

For these reasons, we AFFIRM.