# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

# $\mathfrak{Supreme\ Court\ of\ Kentucky}$

2016-SC-000089-MR

TEVIN DEVON WRIGHT                                                    APPELLANT

V.
ON APPEAL FROM FAYETTE CIRCUIT COURT
HONORABLE KIMBERLY N. BUNNELL, JUDGE
NO. 14-CR-00436

COMMONWEALTH OF KENTUCKY                                            APPELLEE

## MEMORANDUM OPINION OF THE COURT

### AFFIRMING

Appellant, Tevin Wright, conditionally pled guilty to first-degree manslaughter, tampering with physical evidence, and being a first-degree persistent felony offender. He was sentenced to 38 years' imprisonment and now appeals as a matter of right, Ky. Const. § 110(2)(b). At trial, Appellant claimed immunity from prosecution pursuant to KRS 503.085 (which provides criminal and civil immunity for the use of permitted force). However, the trial court found probable cause existed to conclude Appellant used unlawful deadly physical force. In entering his guilty plea, Appellant reserved his right to appeal the immunity claim. Appellant now raises that claim as the sole issue on appeal to this Court. For the reasons that follow, we affirm.

# I. BACKGROUND

One evening, Appellant patronized Diva's Gentlemen's Club with several friends. Curtis Simmons was also at the club with friends, including Eric Adams.

At some point in the night, Appellant encountered Adams in the bathroom. Appellant sold cocaine, and he allowed Adams a sample as a prospective buyer. After arguing over the cocaine's quality, Adams robbed Appellant of the drugs at gunpoint. It is unclear exactly what happened thereafter, but an altercation apparently ensued in the club between Appellant, Adams, Simmons, and others. Diva's bouncers ejected Appellant and his friends, who then drove to a different gentlemen's club across town.

However, Appellant did not stay away. Instead, he and his friends returned to Diva's a few hours later, near closing time in the early-morning hours. Shortly before Appellant's return, surveillance footage showed Adams and his girlfriend exit the club and enter their car. The footage then showed Appellant parking his car next to a black SUV and exiting his car. It turned out Simmons had parked in front of the same SUV, as the footage next shows Simmons leaving the club and approaching his car. Appellant and Simmons appeared to exchange words, and Simmons took off his jacket and placed it on the hood of his car.

Appellant can then be seen on the footage holding a handgun and moving behind the black SUV in a crouched position. He rounded the SUV and shot at Simmons, who retreated behind his own car. Appellant followed and

2

continued shooting until Simmons collapsed behind his car. Appellant and his friends then returned to Appellant's car and left the parking lot.

In the meantime, Adams left his car and crouched by the fallen Simmons. Adams then shot a handgun toward Appellant's fleeing car.

Simmons died from the gunshot wounds.

Appellant was arrested about two weeks later in Muncie, Indiana. He spoke with investigators and was charged with shooting and killing Simmons and disposing of the gun.

He claimed self-defense and sought immunity from prosecution under KRS 503.085. The trial court conducted a hearing on his motion to dismiss the indictment. At this hearing, the Commonwealth called the lead investigator, Detective Franz Wolff, to testify and introduced the video surveillance footage of the shooting. The Commonwealth also played portions of the audio recording of Appellant's statements to police. Following the hearing, the court found probable cause existed to believe Appellant's use of deadly force was unjustified and denied the motion to dismiss.

Appellant entered a conditional guilty plea to first-degree manslaughter, tampering with physical evidence, and being a first-degree persistent felony offender, and the court sentenced him to a total of 38 years' imprisonment. The guilty plea was conditioned on his retaining the right to appeal the trial court's ruling on his claim to immunity under KRS 503.085. He now appeals that ruling to this Court as a matter of right. *See* Ky. Const. § 110(2)(b).

3

## II. ANALYSIS

When a claim of immunity is raised under KRS 503.085, the prosecution may proceed if the court believes "there is probable cause to conclude that the force used was not legally justified" under the controlling provisions of KRS Chapter 503. *Rodgers v. Commonwealth*, 285 S.W.3d 740, 754 (Ky. 2009). The standard of review of such a determination is whether the trial court had a "substantial basis" for finding probable cause that the defendant's use of force was unlawful. *Commonwealth v. Lemons*, 437 S.W.3d 708, 715 (Ky. 2014).

Probable cause is "a fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules." *Illinois v. Gates*, 462 U.S. 213, 232 (1983). It has been defined as "reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion." *Commonwealth v. Jones*, 217 S.W.3d 190, 200 (Ky. 2006) (quoting *United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990)) (internal quotation marks omitted). Judges must consider the totality of the circumstances then known to determine whether probable cause exists to conclude that a defendant's use of force was unlawful. *Rodgers*, 285 S.W.3d at 754-55.

Based on the evidence of record, the trial court had a substantial basis for finding probable cause existed to believe Appellant's use of force was not legally justified. The video-surveillance evidence alone provided a substantial basis for the trial court's finding. It showed Appellant acting as the apparent initial aggressor and shooting at Simmons, who appeared on the footage to be

4

unarmed. Even after Simmons retreated, the footage showed Appellant follow and shoot him several more times before returning to his car and leaving the Diva's parking lot in haste. This video evidence alone provides the necessary basis for upholding the trial court's denial of Appellant's motion to dismiss. That basis is only strengthened by the evidence of the altercation between the parties earlier that night and Appellant's apparent post-shooting flight to Indiana.

Although Appellant highlights other evidence he maintains supports his immunity claim, he cites no authority mandating that we rule in his favor. We see no need to list that evidence in detail, other than to note that, at best, it may support an inference that Simmons had also been armed with a handgun in the parking lot, thus supporting Appellant's self-defense claim. (There was other evidence refuting this inference as well.)

As this Court made clear in *Rodgers*, the immunity determination under KRS 503.085 is to be made based on the then-existing evidence of record, with the burden being on the Commonwealth to establish probable cause to believe the defendant's use of force was unlawful. 285 S.W.3d at 755. Furthermore, *Rodgers* directly rejected the argument that the statute created a right for the defendant to counter the Commonwealth's probable-cause showing with his own proof supporting his claim that the use of force was justified. *Id.* In other words, once the Commonwealth meets its probable-cause burden under KRS 503.085, that ends the inquiry and the prosecution may go forward.

Because the trial court had a substantial basis for finding that burden met here, we uphold its rejection of Appellant's claim to immunity.

## III. CONCLUSION

Because the Fayette Circuit Court had a substantial basis for finding that Appellant's use of deadly physical force was unlawful, it correctly overruled Appellant's motion to dismiss under KRS 503.085. The judgment of conviction and sentence on Appellant's conditional guilty plea is therefore affirmed.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Robert Chung-Hua Yang
Assistant Public Advocate

COUNSEL FOR APPELLEE:

Andy Beshear
Attorney General of Kentucky

James Daryl Havey
Assistant Attorney General