RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2001 FED App. 0235P (6th Cir.)
File Name: 01a0235p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

  *v.*

No. 00-5126

DONALD RAY SCOTT,
  *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Tennessee at Chattanooga.
Nos. 99-00040—R. Allan Edgar, Chief District Judge.

Argued: June 12, 2001

Decided and Filed: July 24, 2001

Before: MARTIN, Chief Judge; NORRIS, Circuit Judge;
QUIST, District Judge.[*]

---

**COUNSEL**

**ARGUED:** Howard Upchurch, UPCHURCH &
UPCHURCH, Pikeville, Tennessee, for Appellant. Perry H.
Piper, ASSISTANT UNITED STATES ATTORNEY,

---

[*] The Honorable Gordon J. Quist, United States District Judge for the
Western District of Michigan, sitting by designation.

1

Chattanooga, Tennessee, for Appellee. **ON BRIEF:** Howard Upchurch, UPCHURCH & UPCHURCH, Pikeville, Tennessee, for Appellant. Perry H. Piper, ASSISTANT UNITED STATES ATTORNEY, Chattanooga, Tennessee, for Appellee.

———————

**OPINION**

———————

BOYCE F. MARTIN, JR., Chief Judge. Donald Scott appeals the district court's denial of his motion to suppress evidence seized pursuant to a search warrant that was issued by a retired judge. The district court found that although the search warrant was improperly issued, the good faith exception to the exclusionary rule applied. We conclude that because the issuing authority in this case had no legal authority to sign the search warrant, the warrant was void *ab initio*. We therefore reverse the district court.

I.

On April 7, 1999, a police informant notified Sequatchie County Sheriff's Investigator Jackie Shell that he had seen a large quantity of marijuana growing in an outbuilding on Donald Scott's property. Shell drafted an affidavit and search warrant, and at approximately two or three o'clock in the afternoon, contacted the Honorable L. Thomas Austin, Judge of the General Sessions Court for Sequatchie County, Tennessee. Judge Austin told Shell that he would be at his house or his barn throughout the afternoon, and that Shell should bring the warrant to him there. The record contains an affidavit signed by Judge Austin stating that he was at his home that entire afternoon and evening. After preparing the affidavit, Shell apparently called Judge Austin, but there was no answer. Shell then attempted to contact the Honorable Curtis Smith, Circuit Judge for the Twelfth Judicial District, but was informed that Judge Smith was out of the county. Two other circuit judges served the twelfth district, but Shell did not contact either one. Shell then called the Honorable

and knew that the active judge, Judge Austin, was at his home available to sign the warrant. Shell instead chose to present the warrant to a retired judge. This is not a case where police relied on a warrant that contained a mere technical deficiency. *See Sheppard*, 468 U.S. at 990-91. Judge Barker possessed no legal authority pursuant to which he could issue a valid warrant. Under these circumstances, the warrant is void and evidence seized pursuant to it must be excluded.

## III.

For the foregoing reasons, we REVERSE the district court's denial of Scott's motion to suppress, VACATE his guilty plea and REMAND for further proceedings consistent with this opinion.

---

§ 16-15-209 because under that provision the authority of special judges attaches only when the active general sessions judge is unavailable. Finally, the district court found that Judge Barker was not acting as a de facto judge. The United States did not appeal these findings, and concedes that the warrant was invalid.

Hollis Barker, a retired judge of the General Sessions Court for Sequatchie County. Barker was Judge Austin's predecessor, having served as general sessions judge for twenty-three years until he resigned in December of 1997 or January of 1998. Although retired, Judge Barker acted as Special Judge for the General Sessions Court when Judge Austin was absent. Since his retirement, Judge Barker had signed warrants for Investigator Shell on three prior occasions -- one or two of which were signed in court when Judge Barker was sitting for Judge Austin. Judge Barker signed the warrant, and Shell executed a search of Scott's property. In the outbuilding, Shell found four hundred and one marijuana plants, grow lights and chemicals. Scott arrived in the course of this search, and was arrested. The following day, officers searched Scott's house, where they found fifteen firearms.

After being charged in a four-count indictment, Scott moved to suppress the evidence seized during the search of his property. The district court denied the motion in part, finding that although Judge Barker did not have legal authority to issue a warrant, the exclusionary rule did not apply because Shell acted in objective good faith in securing the warrant.[1] Scott then entered a conditional guilty plea, which reserved his right to challenge the search, to two counts: manufacturing marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and forfeiture of property pursuant to 21 U.S.C. §§ 841 and 853. The other two counts were dismissed by the court upon motion by the United States. The district court sentenced Scott to the statutory mandatory minimum of five years imprisonment, and Scott appealed.

## II.

We review a district court's legal conclusions with respect to a motion to suppress de novo. *See United States v. Lewis*,

---

[1] The district court granted Scott's motion as it related to evidence seized during the search of Scott's residence on the ground that consent was not voluntarily given. This issue is not before us on appeal.

231 F.3d 238, 241 (6th Cir. 2000). A district court's findings of fact will be upheld unless clearly erroneous. *Id.*

Subject to a few exceptions, the exclusionary rule requires the suppression of evidence obtained in violation of the Fourth Amendment. *See Illinois v. Krull*, 480 U.S. 340, 347 (1987). *See also Coolidge v. New Hampshire*, 403 U.S. 443, 454-55 (1971) ("the most basic constitutional rule in this area is that 'searches conducted outside the judicial process, without prior approval by a judge or magistrate, are *per se* unreasonable under the Fourth Amendment--subject only to a few specifically established and well-delineated exceptions.'") (citations omitted ) (emphasis in original). In *United States v. Leon*, 468 U.S. 897 (1984), the Supreme Court carved out a good-faith exception to this general rule, holding that the exclusionary rule does not apply to evidence seized by officers acting in reasonable reliance on a search warrant issued by a detached and neutral magistrate that is subsequently found to be invalid. The focus of the inquiry is "whether a reasonably well-trained officer would have known that the search was illegal despite the magistrate's authorization." *Id.* at 922 n.23. Thus, the Supreme Court has held that the good faith exception applies when an officer reasonably relies on a judge's assurances that he would make necessary clerical changes in a warrant, *see Massachusetts v. Sheppard*, 468 U.S. 981, 990 (1984); when an officer conducts a search in reasonable reliance on the constitutionality of a statute subsequently declared unconstitutional, *see Krull*, 480 U.S. at 349; and when an officer reasonably relies on information regarding an outstanding arrest warrant later found to be a clerical error of court employees. *See Arizona v. Evans*, 514 U.S. 1, 14 (1995).

No circuit has addressed the issue of whether *Leon* applies when an officer relies on a warrant signed by an individual wholly without legal authority to issue a warrant. The only court that has addressed this scenario is the Supreme Court of Rhode Island. *See State v. Nunez*, 634 A.2d 1167 (R. I. 1993). In that case, the court suppressed evidence seized

pursuant to a search warrant issued by a retired judge. *Nunez*, 634 A.2d at 1170. *Nunez* was decided under state law, and the decision explicitly declined to consider whether to adopt *Leon*'s good faith exception. *Id.* Thus, *Nunez* offers limited guidance for this case. The court did note that even if it did adopt *Leon*, "the rule would be inapplicable in this case because, without being signed by a magistrate with either de jure or de facto authority, the search warrant is void *ab initio*." *Id.*

Despite the dearth of case law, we are confident that *Leon* did not contemplate a situation where a warrant is issued by a person lacking the requisite legal authority. *Leon* presupposed that the warrant was issued by a magistrate or judge clothed in the proper legal authority, defining the issue as whether the exclusionary rule applied to "evidence obtained by officers acting in reasonable reliance on a search warrant *issued by a detached and neutral magistrate* but ultimately found to be unsupported by probable cause." *Leon*, 468 U.S. at 900 (emphasis added). Indeed, *Leon* noted that it left "untouched the probable-cause standard and the various requirements for a valid warrant." *Id.* at 923. At the core of these various requirements is that the warrant be issued by a neutral and detached judicial officer. *See, e.g., Shadwick v. City of Tampa*, 407 U.S. 345, 350 (1972). We therefore hold that when a warrant is signed by someone who lacks the legal authority necessary to issue search warrants, the warrant is void *ab initio*.

In this case, it is uncontested that Sequatchie county is authorized by state law to have only one General Sessions Judge, that Judge Barker had been retired since December of 1997 or January of 1998, that Judge Barker was not holding any judicial office on the day he signed the warrant, and that it was a violation of state law for Judge Barker to issue a warrant.[2] Shell knew that there was only one active judge,

---

[2] The district court found that Judge Barker was neither a magistrate as defined in TENN. CODE ANN. § 40-5-101 (1994), nor did he have authority as a special general sessions judge under TENN. CODE ANN.