*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0411P (6th Cir.)
File Name: 03a0411p.06

# UNITED STATES COURT OF APPEALS

### FOR THE SIXTH CIRCUIT

———————

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

*v.*

ALBERT VINCENT
MALVEAUX, a/k/a VINNY THE
SHARK,
*Defendant-Appellant.*

No. 02-5382

———————

Appeal from the United States District Court
for the Eastern District of Tennessee at Chattanooga.
No. 01-00083—R. Allan Edgar, Chief District Judge.

Argued: September 18, 2003

Decided and Filed: November 21, 2003

Before: SILER, BATCHELDER, and COOK, Circuit
Judges.

———————

### COUNSEL

**ARGUED:** Barry L. Abbott, CAVETT & ABBOTT,
Chattanooga, Tennessee, for Appellant. Paul W. Laymon, Jr.,
ASSISTANT UNITED STATES ATTORNEY, Chattanooga,

---

Tennessee, for Appellee. Elizabeth T. Ryan, OFFICE OF
THE ATTORNEY GENERAL, Nashville, Tennessee, for
Intervenor. **ON BRIEF:** Barry L. Abbott, CAVETT &
ABBOTT, Chattanooga, Tennessee, for Appellant. Steven S.
Neff, ASSISTANT UNITED STATES ATTORNEY,
Chattanooga, Tennessee, for Appellee. Elizabeth T. Ryan,
OFFICE OF THE ATTORNEY GENERAL, Nashville,
Tennessee, for Intervenor.

———————

### OPINION

———————

SILER, Circuit Judge.    Defendant Albert Vincent
Malveaux, a/k/a Vinny the Shark, appeals from the denial of
his motion to suppress two ounces of cocaine base ("crack"),
a handgun, and a large amount of cash found in his hotel
room.  For the reasons stated below, we **AFFIRM**.

### BACKGROUND

Between January and March 2001, a confidential informant
made five cocaine purchases from Malveaux.  These
"controlled buys" were monitored by police officers.  On
April 30, 2001, a confidential informant notified Chattanooga
Police Department Detective Randy Noorbergen that, within
the previous 72 hours, the informant had been in Malveaux's
hotel room at the Main Stay Suites in Chattanooga, Hamilton
County, Tennessee.    The informant told Detective
Noorbergen that Malveaux possessed four ounces of crack, a
pistol, and a large amount of cash.  Detective Noorbergen
knew this informant, whom he had known for approximately
one year, to be reliable.  In addition, Detective Noorbergen
had received information from another Chattanooga narcotics
detective that Malveaux had recently been involved in
"heavy" drug trafficking.

Armed with this information, Detective Noorbergen took his materials to Judicial Commissioner Robert Meeks, who was on duty that evening. Hamilton County judicial commissioners are on duty during the evening hours when state judges are usually unavailable. As a common practice, Chattanooga law enforcement officers normally obtain warrants from these judicial commissioners, rather than awaking state judges during late hours. At 10:09 p.m. on April 30, 2001, Detective Noorbergen appeared before Commissioner Meeks, who issued a search warrant for Malveaux's hotel room.

After obtaining the warrant, Detective Noorbergen and additional law enforcement officers rented a room at the Main Stay Suites and commenced surveillance of Malveaux's room. During their surveillance, the police officers observed an individual arrive at, enter, and then exit Malveaux's room. The officers learned that the individual had just purchased cocaine from Malveaux. Pursuant to the officers' insistence, the individual knocked on the door of Malveaux's room. When Malveaux opened the door, the officers entered the room and executed the warrant. Once inside, the officers discovered approximately two ounces of crack, a loaded handgun, and a large amount of cash.

Malveaux was later indicted on two counts, charging him with possession of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and possession of a handgun in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Malveaux moved to suppress the evidence, contending that the search warrant was invalid because Commissioner Meeks was not authorized to issue search warrants. Malveaux alleged that because Section 3, Chapter 192 of the 1996 Private Acts ("Chapter 192 § 3") conflicted with and was irreconcilable with Tenn. Code Ann. § 40-1-111, it was violative of Article XI, section 8 of the Tennessee Constitution and thus unconstitutional. Although the district court touched upon the interpretation of each of the aforementioned sections, it found that a comprehensive

investigation of Tennessee constitutional law was unnecessary because the exclusionary rule does not exclude evidence under circumstances such as these, specifically remarking that the officers' good faith reliance on Commissioner Meeks's search warrant was objectively reasonable. Moreover, the district court recognized that a strong presumption exists that an act promulgated by the legislature is constitutional. Consequently, it denied Malveaux's motion to suppress.

Malveaux entered a conditional guilty plea to both counts of the indictment but reserved his right to appeal the district court's denial of his motion to suppress. He was sentenced to 117 months' imprisonment.

## DISCUSSION

"We review for clear error the district court's findings of fact made with regard to a motion to suppress; we review de novo the court's legal conclusions." *United States v. Elmore*, 304 F.3d 557, 560 (6th Cir. 2002), *citing United States v. Ivy*, 165 F.3d 397, 401-02 (6th Cir. 1998).

A fundamental tenet of the Fourth Amendment is protection from unreasonable searches and seizures. *Knox County Educ. Ass'n v. Knox County Bd. of Educ.*, 158 F.3d 361, 371 (6th Cir. 1998). "As a general rule, in order to be reasonable, a search must be undertaken pursuant to a warrant issued upon a showing of probable cause." *Id.* at 373, *citing Skinner v. Railway Labor Executives' Ass'n*, 489 U.S. 602, 619 (1989).

Tenn. Code Ann. § 40-1-111 permits the appointment of judicial commissioners in counties with certain populations. Chapter 192 § 3, enacted after Tenn. Code Ann. § 40-1-111, permits the Hamilton County legislative body to appoint judicial commissioners despite the fact that Hamilton County's population does not fit within the delineated population brackets of Tenn. Code Ann. § 40-1-111. Since Hamilton County's population does not fall within the

statutorily-prescribed parameters of Tenn. Code Ann. § 40-1-111, Malveaux contends that Commissioner Meeks was unauthorized to issue the search warrant.[1] This contention notwithstanding, no analysis of Tennessee law is necessary, as the district court properly denied Malveaux's motion to suppress. Accordingly, we affirm without comment as to any alleged conflict between Chapter 192 § 3 and Tenn. Code Ann. § 40-1-111.

In support of his argument that Commissioner Meeks was never authorized to issue the search warrant, Malveaux relies upon *United States v. Scott*, 260 F.3d 512 (6th Cir. 2001). In *Scott*, a deputy sheriff obtained a search warrant from a retired judge of the General Sessions Court for Sequatchie County, Tennessee. The deputy sheriff chose to present the search warrant to a retired judge instead of an active judge whom he knew to be at home. In concluding that the district court erroneously denied Scott's motion to suppress, this court observed that the deputy sheriff did not "rel[y] on a warrant that contained a mere technical deficiency[;]" rather, the retired judge "possessed no legal authority pursuant to which he could issue a valid warrant." *Id.* at 515. The *Scott* court held "that when a warrant is signed by someone who lacks the legal authority necessary to issue search warrants, the warrant is void *ab initio*." *Id.* at 515.

Malveaux's reliance upon *Scott* is misplaced. Unlike the retired judge in *Scott*, Commissioner Meeks was authorized to issue search warrants. The police officers properly obtained the search warrant because, premised upon their objective good faith, they had no reason to question whether Commissioner Meeks possessed the authority to issue the search warrant. *See United States v. Leon*, 468 U.S. 897, 922 (1984).

---

[1] Malveaux does not allege that the search warrant was invalid for any other reason.

Although not directly on point, *United States v. Pennington*, 328 F.3d 215, 217 (6th Cir. 2003), provides substantial assistance to our disposition of Malveaux's claim. In *Pennington*, a Shelby County, Tennessee Judicial Commissioner issued a warrant to search the defendant's home. In moving to suppress evidence seized from his residence, Pennington alleged that the commissioner was not neutral and detached because he was appointed by a local legislative authority. Pennington also claimed that the commissioner was prohibited from issuing search warrants or acting as a neutral and detached magistrate for Fourth Amendment purposes because he was neither a judge nor an attorney. Premised upon *Leon*, the district court properly denied Pennington's motion to suppress because the police "officers relied in good faith on the warrant issued by the judicial commissioner." *Id.* at 217.

This rationale is applicable to Malveaux's argument. Commissioner Meeks issued the search warrant under Tennessee law. *Id.* at 217. As Commissioner Meeks was legally appointed under Tennessee law, he had the apparent authority to issue the warrant to search Malveaux's hotel room. Pursuant to both *Pennington* and *Leon*, the police officers, acting in good faith, relied upon Commissioner Meeks's apparent authority to issue the search warrant.

**AFFIRMED.**