DAMON J. KEITH, Circuit Judge.
Defendant Daniel Franklin appeals the district court order denying his motion to suppress evidence. For the following reasons, we AFFIRM the district court’s denial of Defendant’s motion.
I. FACTUAL BACKGROUND
On December 19, 2005, a federal grand jury in the Western District of Tennessee returned an indictment charging the defendant, Daniel Franklin, with two counts of violating 18 U.S.C. § 922(g), which prohibits felons from possessing firearms and ammunition. On May 16, 2006, the defendant filed both a motion to suppress evidence and an amended motion to suppress evidence seized pursuant to a search warrant executed at a residence. The amended motion raised three issues challenging the search warrant and the lawfulness of the police entry of the residence. The amended motion also asserted that the defendant’s custodial statements should be suppressed as the tainted fruit of the illegal search.
After receiving additional discovery, the defendant filed a supplement to his motion to suppress. In addition to the previously identified issues, the defendant averred that the warrant was signed by a Henderson County general sessions court judge who did not have the authority to issue a search warrant for Madison County. This latter issue is the sole matter presented on appeal. On June 8, 2006, the government filed a response to the defendant’s motion to suppress. Government counsel asserted that the warrant was lawfully issued by a general sessions court judge, and thus was valid.
*268 On July 17, 2006, a hearing on the suppression motion was held before Judge James D. Todd, Chief Judge for the United States District Court for the Western District of Tennessee. At the hearing, Terry Dyer, a police officer with the Jackson, Tennessee, Police Department, testified as to his efforts to obtain a search warrant. Mr. Dyer stated that on the day he attempted to get the search warrant, October 19, 2005, a judges conference was being held and that he could not find an available judge in Madison County (the county in which the city of Jackson is located). The officer testified that the closest judge he could find was in Henderson County (a neighboring county). In Henderson County, Mr. Dyer spoke with General Sessions Judge Steve Beal who told the officer that he could sign the warrant for him. Officer Dyer testified that as far as he knew, “a judge of general sessions would be an appropriate judge to sign [the] warrant.”
As to the warrant, Mr. Dyer testified that on the signature line, Madison County was marked out, as were the words “Circuit Court” before the word “Judge.” The judge replaced the crossed out words with “General Sessions” and “Henderson.” The officer noted that the judge also wrote in “Judges outside of jurisdiction by interchange.” [1] On the witness stand, Mr. Dyer testified that he did not know of any agreement between the Henderson County judge and a Madison County judge in which Judge Beal would stand in for search warrant applications. In addition, a clerk from the Madison County clerk’s office testified that there were no out-of-county judges sitting by interchange on October 19th, and that there was nothing in the clerk’s office related to a search warrant naming Daniel Franklin.
After testimony was had, defense counsel closed by arguing that, although Tennessee law allows interchange between general sessions court judges, there is no proof that Judge Beal had an agreement with the Madison county judges to sit by interchange. In addition, even if there were an agreement, defense counsel argued that Tennessee law does not allow a judge to issue a warrant unless he is physically in the county in which it is to be executed. In response, the government argued that the authority of the judge is not dependent on where he is physically, that the judge was legally authorized by interchange to act for another judge, and that there is no law requiring the signing judge to have the other judge’s permission to sign the warrant.
After taking the issue under advisement, the district court judge issued an order in which it held that, in the absence of any evidence to the contrary, Judge Beal was sitting by interchange when he signed the search warrant, and thus had the authority to issue the warrant. In addition, the court found that because Judge Beal had jurisdiction in Madison County pursuant to an interchange, the fact that Judge Beal signed the warrant while he was present in Henderson County did not invalidate the warrant. After the district court denied Mr. Franklin’s motion to suppress and motion for reconsideration, he entered a conditional guilty plea to counts 1 and 3 of the indictment. On November 15, 2006, the district court sentenced the defendant to 48 months of imprisonment followed by 2 years of supervised release. Defendant *269 now appeals the district court’s denial of his motion to suppress.
II. STANDARD OF REVIEW
When reviewing a district court’s denial of a motion to suppress evidence, the district court’s factual findings are examined for clear error, and its conclusions of law are subject to de novo review. United States v. Jenkins, 124 F.3d 768, 771-72 (6th Cir.1997). The evidence is reviewed in the light most favorable to the district court’s conclusions. Id. at 772.
III. ANALYSIS

A. The Validity of the Warrant

Here, Appellant argues that the Henderson County general sessions court judge who signed the search warrant for a residence located in Madison County did so without proper legal authority. Consequently, Appellant claims, the warrant issued was invalid and all evidence obtained pursuant to the warrant should be suppressed. Appellant alleges that the Henderson County judge lacked authority to grant the warrant because he did not follow the state’s “interchange” procedure. He contends that Tennessee law does not allow a general sessions judge to grant a search warrant for a residence outside the county in which he/she resides, unless the judge “interchanges” with a judge from the county where the warrant is to be executed. The procedure for interchanging, however, is not clearly defined, as there is no state statute detailing the process.[2] It is therefore unclear whether the Henderson County judge followed the applicable state procedure for issuing the warrant in question. Nevertheless, whether the Henderson County judge followed Tennessee’s interchange policy is irrelevant because Appellant-Defendant was tried in federal court. In federal court, when the Exclusionary Rule is at issue, the only applicable law is the Federal Constitution. Since the warrant here was granted in compliance with the requirements of the Fourth Amendment, we hold that the warrant was valid. Therefore, the district court was correct to deny Appellant’s motion to suppress evidence.
The question of whether evidence obtained in violation of state law can be admitted in federal court has been addressed by this court in several cases, perhaps most clearly in United States v. Allen, 954 F.2d 1160 (6th Cir.1992). In Allen, four individuals were indicted for conspiring to manufacture marijuana. Id. at 1164-65. Before their trial, the defendants submitted a motion to suppress evidence obtained from a warrantless search of one of the defendant’s property. Id. at 1165. The defendants claimed, and it was found to be true, that a state agent entered the property of one of the defendant’s without a search warrant and seized a marijuana plant. The district court denied the defendants’ motion, finding that the state agent did not violate the Fourth Amendment’s search and seizure protections. Id. Subsequently, three of the defendants were convicted. Id. Two of the convicted defendants appealed their sentence, arguing that the district court erred in denying their motion to suppress because state law, rather than federal law, should have been applied to the search and seizure issue. Id. at 1166. The defendants argued that because it was the *270 state’s investigation that led to the improper seizure, in the interest of comity, the state’s more stringent exclusionary rule should have been applied. Id. at 1166. Specifically, the defendants noted the issue as “whether information secured by officers of ... Tennessee entirely, without federal involvement, should be admissible in a federal prosecution notwithstanding violations of state law.” Id. at 1166 (internal citations omitted). We held that “[t]he state may reserve certain rights including a stricter standard of search and seizure law; however, such a standard does not have to be applied in federal court.” Id. at 1168. Thus, we concluded, the district court did not err in only applying federal law. Id.
Two years after our decision in Allen, we again faced the issue of whether state search and seizure laws should be applied in federal court. In United States v. Wright, 16 F.3d 1429, 1434 (6th Cir.1994), the defendant was convicted of various counts relating to the selling of cocaine. Local authorities arrested the defendant without a warrant in a parking lot after being tipped off about his criminal activities by an informant. Id. at 1431-32. In arresting the defendant, the authorities searched his car and found bags filled with cocaine Id. at 1432. Before trial, the defendant filed a motion to suppress, arguing that the district court was required to apply Tennessee law in determining the legality of the search and seizure. Id. at 1433. The district court denied the defendant’s motion, holding that state search and seizure doctrines are inapplicable in federal court. Id. Subsequently, the defendant was convicted. On appeal, the defendant argued that the evidence seized from his warrantless arrest and subsequent search should have been suppressed because under Tennessee law, which poses a stricter standard for warrantless arrests, searches, and seizures than corresponding federal law, the police officers did not have probable cause for the arrest or the search. Id. at 1433. We upheld the district court’s ruling, finding that “[t]he fact that Tennessee law ‘may now require greater protection against search and seizures than the fourteenth amendment is of no avail to a defendant in federal court, under prosecution for a federal crime.’” Wright, 16 F.3d at 1434 (quoting United States v. Loggins, 777 F.2d 336, 338 (6th Cir.1985)). The violation of state search and seizure law, we held, “is irrelevant as long as the standards developed under the Federal Constitution [are] not offended.” Id. at 1437.
The Supreme Court recently addressed the relevancy of state law in determining whether a defendant’s Fourth Amendment rights have been violated in the case of Virginia v. Moore, — U.S. -, 128 S.Ct. 1598, 170 L.Ed.2d 559 (2008). In Moore, two Portsmouth, Virginia police officers stopped David Moore in his car on suspicion that he was driving with a suspended license. Id. at 1601. The officers determined that Moore’s license was indeed suspended, and arrested him for the misdemeanor of driving on a suspended license. Id. The officers then conducted a search pursuant to Moore’s arrest and found that he was carrying 16 grams of crack cocaine and $516 in cash. Id. Moore was subsequently charged in state court with possessing cocaine with the intent to distribute. Id. at 1602. Moore then filed a motion to suppress, arguing that the officers’ search incident to his arrest was improper. Id. The defendant claimed that under state law, the officers should have issued him a summons instead of arresting him.[3] Id. Therefore, as his *271 arrest was improper, the search pursuant to his arrest was invalid, and the evidence obtained from the search should be excluded. Id. Although the trial court denied Moore’s motion and subsequently found him guilty of the drug charge, his conviction was eventually overturned by the Virginia Supreme Court. Id. The Virginia Supreme Court found that because the arresting officers should have issued Moore a citation under state law, and the Fourth Amendment does not permit a search incident to a citation, the arrest search violated the defendant’s Fourth Amendment rights. Id.
On appeal to the United States Supreme Court, the Court reversed the state court’s judgment. The Court held that “warrant-less arrests for crimes committed in the presence of an arresting officer are reasonable under the Constitution, and that while States are free to regulate such arrests however they desire, state restrictions do not alter the Fourth Amendment’s protections.” Id. at 1607. The Court stated, “[a] State is free to prefer one search- and-seizure policy among the range of constitutionally permissible options, but its choice of a more restrictive option does not render the less restrictive ones unreasonable, and hence unconstitutional.” Id. at 1606.
In the instant matter, the district court was correct to deny Defendant’s motion to suppress because the evidence at issue was seized pursuant to a valid warrant. The constitutional test for the issuance of a warrant is that it be issued by a neutral and detached magistrate.[4] Johnson v. United States, 333 U.S. 10, 14, 68 S.Ct. 367, 92 L.Ed. 436 (1948). Here, the judge who issued the warrant in question was a magistrate judge.[5] Moreover, there is nothing in the record to suggests, nor does Defendant claim, that the judge was not neutral and detached. As such, the warrant issued was valid, and Defendant’s motion to suppress the evidence seized pursuant to the warrant must be denied. Although Defendant claims that the warrant was improper because the judge did not follow the applicable state procedure, as the aforementioned case law demonstrates, state law is irrelevant in federal court when the Exclusionary Rule is at issue. The only applicable law in the instant matter is the Federal Constitution, and its standards have clearly been met.

B. The “Implicit Requirement”

Judge Clay’s dissent suggests that in addition to the requirement that the warrant be issued by a neutral and detached magistrate, the Fourth Amendment implicitly requires that the warrant be issued by a magistrate acting within his jurisdiction as prescribed by state law. Although Judge Clay does not cite any Supreme Court cases that support the existence of this alleged requirement, he believes that this court’s decision in United States v. *272 Scott, 260 F.3d 512 (6th Cir.2001), offers some guidance on this issue.
In Scott, a local investigator had a retired judge sign a warrant to search a man’s property suspected of growing marijuana. Id. at 513-14. The man whose house was subsequently searched filed a motion to suppress the evidence obtained on the grounds that the judge who issued the warrant lacked the authority necessary to grant warrants. Id. at 514. His motion was denied and he appealed to our court. Id. We reversed the district court’s denial of the motion to suppress, finding that because the judge in question was retired, he lacked the authority to grant warrants. Id. at 515. Consequently, we held, the search conducted pursuant to the warrant was improper and the items seized from the search should be suppressed. Id.
We do not find Scott applicable to our present case because here, the judge had the authority to grant warrants. As previously mentioned, the judge in the instant matter was a general sessions judge. In Tennessee, general sessions judges are magistrate judges who have the authority to issue warrants. T.C.A. § 40-5-102. In Scott, however, the judge in question was no longer a judge, as he was retired. As a retired judge, he had no more authority to grant warrants than the average citizen. Although the facts indicate that he sometimes would act as a special judge when active judges were unavailable, and in so doing had the power to grant warrants, he was not acting as a special judge at the time he issued the warrant in question, and thus had no authority to grant warrants.
Unlike the former judge in Scott, the judge in the instant matter always maintained the power to grant warrants. His authority did not rely on the absence or presence of judges, and ceased only when he could no longer qualify as a magistrate judge. Although the judge here was allegedly required to fill out certain paperwork when issuing a warrant in an outside county,[6] his attentiveness in following this procedure has no affect on the validity of the warrant in federal court. In federal court, the Fourth Amendment governs the validity of warrants, and as the Supreme Court recently stated, “it is not the province of the Fourth Amendment to enforce state law.” Moore, 128 S.Ct. at 1608. As there is nothing in the record to indicate that the Henderson County Judge was not a neutral and detached magistrate, we find the search and seizure conducted pursuant to his warrant proper.
IV. CONCLUSION
For the aforementioned reasons, we AFFIRM the district court’s order denying Defendant’s motion to suppress evidence.

. Appellant claims that Tennessee law allows a judge to sit by "interchange” in an outside jurisdiction. When sitting by "interchange,” Appellant argues, the guest judge has the same authority as the judges from the outside jurisdiction. The procedure for “interchanging,” however, is not clearly defined in Tennessee law.

. Although Appellant claims that "Tennessee Code § 16-15-209(a) provides the specific procedure by which a general sessions or juvenile court judge may seek a 'special judge’ to fill its place when necessary," it does not. (Appellant’s brief 19.) Tennessee Code § 16-15-209(a) merely states that a judge can interchange with another judge, it does not explain how a judge is to conduct the interchange.

. The Supreme Court noted that driving on a suspended license is not an arrestable offense *271 in Virginia except as to those who “fail or refuse to discontinue” the violation, and those whom the officer reasonably believes to be likely to disregard a summons, or likely to harm themselves or others. Va.Code Ann. § 19.2-74 (Lexis 2004). In addition, Virginia permits arrest for driving on a suspended license in jurisdictions where “prior general approval has been granted by order of the general district court.” Va.Code Ann. § 46.2-936. See Moore, 128 S.Ct. 1598, 1602 (2008).

. The Constitution also requires that a warrant be based on probable cause. U.S. Const. amend. IV. For our purposes, however, we are only concerned with the qualifications of the magistrate.

. In Tennessee, general sessions judges are magistrate judges. T.C.A. § 40-5-102.

. As Judge Clay concedes in his dissent, it is not entirely clear from Tennessee statutes what exactly the procedure is for interchanging with a judge from a different county in order to be able to grant a warrant in that county. Nevertheless, Appellant’s brief seems to suggest that some paperwork is involved. See T.C.A. § 17-2-208; see generally Appellant's brief.