**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Lucretta ELGIN, Defendant–Appellant.**

No. 02–5434.

United States Court of Appeals,
Sixth Circuit.

Jan. 31, 2003.

Before NELSON and CLAY, Circuit Judges; and HAYNES, District Judge.*

*ORDER*

Lucretta Elgin was charged with possessing cocaine for intended distribution and possessing a firearm during a drug-trafficking crime. *See* 21 U.S.C. § 841(a)(1) *and* 18 U.S.C. § 924(c). She moved to suppress the cocaine and firearm, alleging that their discovery involved an unconstitutional search and seizure. The district court adopted a magistrate judge's recommendation and denied this motion on October 15, 2001. Elgin subsequently entered a conditional guilty plea to the charges that are described above, reserving the right to appeal the denial of her motion to suppress. On March 18, 2002, she was sentenced to ninety months of imprisonment and four years of supervised release. It is from this judgment that Elgin now appeals. The parties have waived oral argument, and the panel unanimously agrees that it is not needed in this case. Fed. R.App. P. 34(a).

Elgin does not dispute the magistrate judge's description of the basic facts, which provides as follows:

> [D]efendant states that sometime prior to April 19, 2001, an express mail package addressed to Latisha Jackson, 805 E. Oldham Avenue, Knoxville, Tennessee 37917, was seized from the United States mail by employees of the United States Postal Service and United States Postal inspectors. This package was detained while the postal inspectors did an investigation on the package and was also subjected to a drug sniffing dog. The dog was named "Falco" and was in use by the Knox County Sheriff's Department, defendant states, and Falco allegedly alerted on the package. Based on this information, a search warrant was sought and received to search the package, the package was opened and found to contain cocaine, an authorization was then obtained from the court to install a radio transmitting mobile tracking device in the package. This was done and the package was delivered.

> On the morning of April 20, 2001, defendant left 805 E. Oldham carrying the package. The package had not been opened, and defendant was arrested as she left that residence. After the arrest she was advised of her rights, gave a statement, and consented to the search of her apartment at 1001 Dunhill Way, Apartment 206, Knoxville, Tennessee. Found in the search of her apartment was a quantity of marijuana, cocaine, crack cocaine, and a pistol, defendant states.

We review the district court's legal holdings *de novo* and examine its factual findings for clear error. *See United States v. Hill,* 195 F.3d 258, 264 (6th Cir.1999). To establish standing for her suppression motion, Elgin had the burden of showing that she had manifested a subjective expectation of privacy in the package and that society would recognize her expectation was legitimate. *See United States v. San-*

---

* The Honorable William J. Haynes, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

*gineto–Miranda,* 859 F.2d 1501, 1510 (6th Cir.1988).

■ Elgin now argues that she demonstrated standing, as she had been asked to pick the package up from her mother's home and deliver it to another individual. However, the district court properly found that Elgin had not carried her burden of proof, because she did not testify or submit sufficient evidence at the suppression hearing to support her position. *See generally Rakas v. Illinois,* 439 U.S. 128, 148–49, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). In so ruling, the court noted that the package had not been sent by Elgin, addressed to her, or mailed to her address. Hence, the court properly ruled that she did not have standing to contest the disputed search and seizure.

■ Nevertheless, we note that the postal authorities had a reasonable and articulable suspicion of criminal activity that justified detaining the package until it could be presented to the drug-detection dog. *See United States v. Van Leeuwen,* 397 U.S. 249, 252–53, 90 S.Ct. 1029, 25 L.Ed.2d 282 (1970). Elgin argues that the authorities' suspicion was primarily based on information that was obtained after the initial search. However, this argument is refuted by the record, which shows that the package was detained because it had been mailed from a city that was known to be a common source of illegal drugs, because it showed a fictitious return address, and because three other packages had been mailed to the same address that also contained fictitious return addresses. *See United States v. Demoss,* 279 F.3d 632, 635–36 (8th Cir.2002). In light of these factors, the district court did not err by finding that the authorities had a reasonable suspicion that justified holding the package for a line-up presentation to the drug-sniffing dog. *See id.* at 636.

■ The postal inspector's affidavit indicated that the dog was trained and certified, that it had been a drug-detection dog for more than three years, and that it had made approximately 1000 alerts for the presence of controlled substances. Thus, the inspector's averment that the dog had alerted to only one package in the five-package line-up provided probable cause for the warrant that led to the controlled delivery and Elgin's arrest. *See United States v. Bender,* 265 F.3d 464, 470 (6th Cir.2001). Elgin's consent to a further search was not tainted, and the seizure of more drugs and the firearm from her apartment did not violate the Fourth Amendment.

Elgin argues that the court should have held an evidentiary hearing on the reliability of the affidavit. *See generally Franks v. Delaware,* 438 U.S. 154, 155–56, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).

> A defendant who challenges the veracity of statements made in an affidavit that formed the basis for a warrant has a heavy burden. His allegations must be more than conclusory. He must point to specific false statements that he claims were made intentionally or with reckless disregard of the truth. He must accompany his allegations with an offer of proof. Moreover, he also should provide supporting affidavits or explain their absence.

*United States v. Bennett,* 905 F.2d 931, 934 (6th Cir.1990) (citations omitted).

Elgin argues that a district court opinion in another case had indicated that the same dog was reliable only one third of the time. *United States v. Whitmore,* No. 00–CR–145 (E.D.Tenn.2001) (unpublished). This argument fails because the information averred on the face of the affidavit was sufficient to establish probable cause here. *See generally Hill,* 195 F.3d at 273 (sufficient evidence of drug dog's reliabili-

ty); *United States v. Navarro–Camacho,* 186 F.3d 701, 706 (6th Cir.1999) (same). Moreover, the unpublished decision in *Whitmore* was issued several weeks after the search warrant in Elgin's case. Consequently, that decision does not show that the postal inspector was aware of the dog's alleged lack of reliability when he swore to the affidavit that is at issue here.

Accordingly, the district court's judgment is affirmed.